IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
ROANOKE DIVISION

| | | |
|---|---|---|
| ANGELIA C. BURTON-HYPES, | ) | |
| | ) | |
| Plaintiff, | ) | Civil Action No. 7:22cv00513 |
| | ) | |
| v. | ) | **ORDER** |
| | ) | |
| TRAVIS HAMILTON, *et al.*, | ) | By:   Hon. Thomas T. Cullen |
| | ) |          United States District Judge |
| Defendant. | ) | |

This matter is before the court on Plaintiff Angelia C. Burton-Hypes's motion seeking preliminary injunctive relief (ECF No. 57) in this civil action filed under 42 U.S.C. § 1983. Having reviewed the motion, the court concludes that there is no basis for granting the requested relief and will, therefore, deny the motion.

Preliminary injunctive relief is an extraordinary remedy that courts should apply sparingly. *See Direx Israel, Ltd. v. Breakthrough Med. Corp.*, 952 F.2d 802, 811 (4th Cir. 1991). As a preliminary injunction temporarily affords an extraordinary remedy prior to trial that can be granted permanently after trial, the party seeking the preliminary injunction must demonstrate by a "clear showing" that: (1) she is likely to succeed on the merits at trial; (2) she is likely to suffer irreparable harm in the absence of preliminary relief; (3) the balance of equities tips in her favor; and (4) an injunction is in the public interest. *Winter v. Natural Res. Def. Council, Inc.*, 555 U.S. 7, 20, 22 (2008). The party seeking relief must show that the irreparable harm she faces in the absence of relief is "neither remote nor speculative, but actual and imminent." *Direx Israel, Ltd.*, 952 F.2d at 812. Without a showing that the plaintiff will suffer imminent,

irreparable harm, the court cannot grant preliminary injunctive relief. *Rum Creek Coal Sales, Inc. v. Caperton*, 926 F.2d 353, 360 (4th Cir. 1991).

In her second amended complaint, Burton-Hypes alleges that the defendants have discriminated against her based on her sexuality and placed her in the restricted housing unit in retaliation for her appealing a disciplinary charge. In her motion seeking preliminary injunctive relief, Burton-Hypes discusses her claims and also states that "they" have opened her sealed mail and filed "bogus [disciplinary] charges" against her as retaliation. Burton-Hypes claims that she does "not feel safe at [New River Regional Jail] anymore with this lawsuit pending." (ECF No. 57 at 2.) Burton-Hypes asks the court to help her "get transferred to a different facility" so that she will not "be retaliated against b[ecause] of [her] sexuality as a lesbian."[1] (*Id.*)

Burton-Hypes has not demonstrated that she is likely to suffer "actual and imminent" irreparable harm in the absence of the preliminary injunction. Further, Burton-Hypes has no right to be confined at a prison of her choice. *Olim v. Wakinekona*, 461 U.S. 238, 245 (1983); *Meachum v. Fano*, 427 U.S. 215, 223-224 (1976). It is well settled that an inmate is not entitled to injunctive relief that seeks a transfer to another correctional facility. *Vandross v. Perry Corr. Inst.*, No. 8:21cv29-DCC-JDA, 2021 U.S. Dist. LEXIS 75148, at *7 (D.S.C. Jan. 8, 2021).

For these reasons, it is **ORDERED** that Burton-Hypes's motion seeking preliminary injunctive relief (ECF No. 57) is **DENIED**. The court notes that nothing in this order

---

[1] Burton-Hypes also submits several Virginia Criminal Complaint forms that she completed approximately one week prior to filing this motion. (ECF No. 57-1 at 10−12.) She states that she submitted the complaints to the Superintendent and/or Major. The complaints indicate that various defendants are harassing and retaliating against her. To the extent she is seeking to bring state criminal charges against the defendants, it cannot be done in this federal civil action.

prohibits Burton-Hypes from filing a separate civil action concerning any possible new claims, after she has exhausted available administrative remedies.

The Clerk shall send a copy of this order to the parties.

**ENTERED** this 6th day of June, 2023.

*/s/ Thomas T. Cullen*
HON. THOMAS T. CULLEN
UNITED STATES DISTRICT JUDGE