CLERK'S OFFICE U.S. DIST. COURT
AT ROANOKE, VA
FILED
March 15, 2024
LAURA A. AUSTIN, CLERK
BY: s/A. Beeson
     DEPUTY CLERK

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
ROANOKE DIVISION

| | |
|---|---|
| ANGELIA CHRISTINA BURTON-HYPES, | ) |
| Plaintiff, | ) Civil Action No. 7:22cv00513 |
| v. | ) **MEMORANDUM OPINION** |
| TRAVIS HAMILTON, *et al.*, | ) By:  Hon. Thomas T. Cullen |
| | )       United States District Judge |
| Defendants. | ) |

Plaintiff Angelia Christina Burton-Hypes, a Virginia inmate proceeding *pro se*, filed this civil action under 42 U.S.C. § 1983 against defendants Hamilton, Truehart, and Ferguson, alleging that she was not receiving proper medical treatment at the New River Valley Regional Jail and that she was "locked down for no reason at all." (Compl. at 2 [ECF No. 1].) After the court directed the clerk to notify the defendants of this action, Burton-Hypes filed three motions to amend her complaint. (*See* ECF Nos. 11, 21, & 22.) The court denied Burton-Hypes's motions due to her attempts to construct her complaint piecemeal in violation of the Federal Rules of Civil Procedure, but it gave her the opportunity to file an amended complaint. (*See* ECF No. 24.) The court advised Burton-Hypes that the amended complaint must "stand by itself without reference to a complaint, attachments, documents, or amendments already filed"; must comply with Rules 8 and 10 of the Federal Rules of Civil Procedure by making a short and plain statement of the claims and being set out in numbered paragraphs; and would replace her original complaint and all amendments to constitute the sole complaint in this action. (*Id.*)

As directed, Burton-Hypes filed an amended complaint. (*See* ECF No. 31.) The amended complaint named six defendants, including the original three, and appears to allege claims related to equal protection, retaliation, access to courts, cruel and unusual living conditions, denial of medical treatment, and supervisory liability. Notably, the amended complaint did not allege any facts against *any* of the named defendants.

After filing the amended complaint, Burton-Hypes filed *nine* motions to amend her amended complaint. (*See* ECF Nos. 32, 33, 34, 38, 40, 43, 46, 50, & 52.) The court again denied Burton-Hypes's motions due to her attempts to construct her complaint piecemeal in violation of the Federal Rules of Civil Procedure, but it again gave her the opportunity to file a second amended complaint. (*See* ECF No. 55.) The court again advised Burton-Hypes that the second amended complaint must "stand by itself without reference to a complaint, attachments, documents, or amendments already filed"; must comply with Rules 8 and 10 of the Federal Rules of Civil Procedure by making a short and plain statement of the claims and being set out in numbered paragraphs; and would replace her original complaint and all amendments to constitute the sole complaint in this action. (*Id.*) The court also warned Burton-Hypes that she "cannot continue to file piecemeal portions of her claims through multiple filings." (*Id.*)

Burton-Hypes filed a second amended complaint, which names eight defendants, including the original three, and, when liberally construed and considered with the attachments to it, appears to include possible claims of equal protection, retaliation, denial of access to grievances, denial of due process, and denial of medical treatment (although it is not clear that each of these possible claims is associated with one or more named defendants). Along with the second amended complaint, Burton-Hypes submitted 20 pages of "exhibits" and referred

back to nine previously filed motions to amend and submissions of additional evidence, consisting of another 97 pages of documents. (*See* ECF Nos. 59-1 at 1, 4, 6, & 8 and 59-2 at 1, 3, & 5.) Further, since filing the second amended complaint, Burton-Hypes has filed *nine* submissions of "additional evidence," exhibits, and motions to amend her second amended complaint, consisting of approximately 75 more pages of documents. (*See* ECF Nos. 60, 61, 64, 65, 66, 70, 73, 77 & 78.)

Defendants Hamilton, Truehart, and Ferguson have moved to dismiss Burton-Hypes's second amended complaint because Burton-Hypes has "again failed to comply" with the court's order.[1] (*See* ECF No. 62.) In support of their motion, defendants assert that Burton-Hypes's amended complaint does not contain numbered paragraphs, the description of the alleged claims is not short and plain, and Burton-Hypes has continued to submit numerous pages of "additional evidence." (*Id.*) Their motion makes no mention of the potential merits of Burton-Hypes's claims.

## I.

Although federal courts must give *pro se* filings "liberal[ ] constru[ction]," *Estelle v. Gamble*, 429 U.S. 97, 106 (1976), this liberal construction "is not without bounds," *Stratton v. Mecklenburg Cnty. Dep't of Soc. Servs.*, 521 F. App'x 278, 290 (4th Cir. 2013); *see also Beaudett v. City of Hampton*, 775 F.2d 1274, 1277−78 (4th Cir. 1985) ("Principles requiring generous construction of *pro se* complaints are not, however, without limits.")). In allowing Burton-Hypes to filed amended complaints, the court has twice directed that any amended complaint must "stand by itself without reference to a complaint, attachments, documents, or

---

[1] The other five defendants have not yet been notified of this action.

amendments already filed." (*See* ECF Nos. 24 & 55.) Despite this instruction, Burton-Hypes's second amended complaint repeatedly references previously filed documents in violation of the court's order. (*See* ECF Nos. 59-1 at 1, 4, 6, & 8 and 59-2 at 1, 3, & 5.) Accordingly, the court will strike all of those references, including those at ECF Nos. 59-1 at 1, 4, 6, & 8 and 59-2 at 1, 3, & 5, and will not consider them as part of the second amended complaint.

In addition, the court twice advised Burton-Hypes that she could not construct her amended complaints piecemeal, in violation of Rules 8 and 10 of the Federal Rules of Civil Procedure. (*See* ECF Nos. 24 & 55.) The court also specifically warned Burton-Hypes that she "cannot continue to file piecemeal portions of her claims through multiple filings." Nevertheless, Burton-Hypes's has continued to file numerous motions to amend, "additional" evidence and exhibits. (*See* ECF Nos. 60, 61, 64, 65, 66, 70, 73, 77 & 78.) The court construes all of these submissions as motions to amend the second amended complaint and will deny the motions as violating the Federal Rules of Civil Procedure and this court's orders.

Accordingly, Burton-Hypes's second amended complaint (ECF No. 59) with the attachments (ECF No. 59-1) **and without the references to previously filed documents** constitutes the **sole** complaint in this action. Although this complaint is not a clear picture of "a short and plain statement of the claim showing that the pleader is entitled to relief" and "limited to a single set of circumstances," the court believes that the defendants should now better be able to discern the nature of the allegations against each of them, enough that they can file a response to Burton-Hypes's second amended complaint.[2]

---

[2] In light of this, the court will deny the defendants' motion to dismiss (ECF No. 62) without prejudice and allow them a new opportunity to respond. The court is not making any determination that Burton-Hypes has stated any viable § 1983 claim against any defendant at this time.

## II.

The court notes that Burton-Hypes's second amended complaint fails to allege any facts against two of the named defendants and, therefore, will dismiss those defendants from this action before proceeding. *See* 28 U.S.C. § 1915(e)(2)(B)(ii). To state a cause of action under § 1983, a plaintiff must allege facts indicating that he has been deprived of rights guaranteed by the Constitution or laws of the United States and that this deprivation resulted from conduct committed by a person acting under color of state law. *West v. Atkins*, 487 U.S. 42 (1988). Despite being given the opportunity to amend her complaint multiple times, Burton-Hypes fails to allege any fact against defendants Hamilton or Fleeman in her second amended complaint. Therefore, the court cannot find that these defendants were involved at all in any alleged violation of her rights, and the court will dismiss them as defendants to this action for failure to state a claim.

## III.

For the reasons discussed, Burton-Hypes's second amended complaint (ECF No. 59) with the attachments (ECF No. 59-1) and without the references to previously filed documents as against defendants Truehart, Ferguson, Sadler, Payne, Smith, and Moorehead shall constitute the sole complaint in this action. The court will direct the Clerk to notify defendants Sadler, Payne, Smith, and Moorehead of this action and will give defendants Truehart and Ferguson an opportunity to file a new response to Burton-Hypes's second amended complaint.

Burton-Hypes is again warned that she cannot continue to file multiple motions to amend and additional evidence.[3] Any motions to amend or additional evidence filed in an attempt to amend the second amended complaint in a piecemeal fashion will not be considered by the court. The court will *only* consider filings denoted as "additional evidence" or the like if they are submitted for a proper purpose under the Federal Rules of Civil Procedure. If Burton-Hypes continues to submit such improper filings, the court will consider imposing sanctions, including but not limited to complete dismissal of this action.

In other words, although Burton-Hypes is proceeding *pro se* and is entitled to a certain amount of leniency, if she continues to flaunt the applicable rules and the orders of this court, the court may dismiss her complaint in its entirety.

The Clerk shall send copies of this memorandum opinion and the order to the parties.

**ENTERED** this 15th day of March, 2024.

*/s/ Thomas T. Cullen*
HON. THOMAS T. CULLEN
UNITED STATES DISTRICT JUDGE

---

[3] Absent an exceptionally compelling reason, the court is likely unwilling to permit any further amendments to her complaint.